ANDREW McCOLLOM *v.* JOHN McCOLLOM.

A purchaser of a tract of land and slaves, who has been evicted as to one-third of the
property, has a right to have the sale cancelled *in toto*, and to be relieved from the
payment of the price.   C. C. 2487.

APPEAL from the District Court of Ascension, *Nicholls*, J.

*M. Taylor*, for the plaintiff.

*Connely*, for the appellant.

BULLARD, J.    The plaintiff asserts title to one undivided third
of a tract of land containing two thousand acres, and the im-
provements thereon, and to five slaves, and some moveable effects
appurtenant to the plantation, which he acquired by purchase
from one Bishop, jointly with Williams and Rightor, by an act of
sale which was duly recorded in the parish of Pointe Coupée, in

McCollom v. McCollom.

which the land is situated. He further represents, that the Marshal of the United States for the Eastern District of Louisiana, under color of an execution against his co-proprietors, Williams and Rightor, issued from the Circuit Court of the United States, seized and sold the whole of said tract of land, when the defendant, John McCollom, became the purchaser thereof, and was put in possession. He prays for judgment for one undivided third, and the revenues.

The defendant answers, that he purchased the whole of the property at the Marshal's sale, in virtue of a *fieri facias* in the case of *Eager* v. *Williams and Rightor*, and that, in the event of his eviction, he is entitled to his recourse against both the aforesaid parties. He, therefore, prays, that Eager, as well as Williams and Rightor, may be cited in warranty; and that, in case of his eviction, the bond given by him for the property now in the hands of Eager, may be cancelled, and for general relief.

Rightor, in the meantime, intervened, and alleged the nullity of the Marshal's sale, on the grounds, that the formalities required by law were not complied with, the advertisements being defective in time and form ; that the property was not sold at the seat of justice of the parish of Pointe Coupée ; that the bid made by the defendant, was not for a sufficient amount to cover the special mortgages ; and that some of the slaves were not produced at the place of sale.

Eager, the judgment creditor, at whose suit the property had been sold, being an absentee, a curator, *ad hoc*, was appointed to represent him, who answered, that if the plaintiff ever had any title to the property, it never had been legally recorded, so as to operate as notice to third persons. He denies that the Marshal seized any property of the plaintiff, but alleges, that he seized and sold only the right, title and interest of Williams and Rightor ; and he avers, that the bid made by the defendant was considered to be for so much over and above the special mortgages.

The court below gave judgment in favor of the plaintiff for one undivided third of the property, cancelled the Marshal's sale *in toto*, and decreed that the bond given by the defendant to secure the payment of the purchase money should be annulled. Eager, the judgment creditor, has appealed.

The case has been submitted to us without any argument what-ever.

The Marshal's return upon his writ shows, that he seized two thousand acres of land, five slaves, and some personal property as belonging to Williams and Rightor. His deed purports to convey the same property. But it is shown, that the joint title of the plaintiff, and Williams and Rightor, was recorded in the parish of Pointe Coupée, and the defendant clearly acquired only the right, title, and interest of the latter by the Marshal's sale.

The defendant being thus evicted of one-third of the property purchased by him, has a right to demand that the sale be cancelled for the whole, and to be relieved from the payment of the price. Civil Code, art. 2487.

*Judgment affirmed.*